# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-7045**                     **September Term, 2022**

**1:21-cv-00592-APM**

**Filed On:** December 16, 2022

Joey D. Gonzalez Ramos,

      Appellant

    v.

ADR Vantage, Inc., et al.,

      Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Katsas, Walker, and Childs, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed March 21, 2022, be affirmed. Appellant forfeited all of his claims against appellee ADR Vantage, Inc., and his invasion-of-privacy and intentional-infliction-of-emotional-distress claims against the other appellees by not pressing them in his opening brief. See Herron v. Fannie Mae, 861 F.3d 160, 165 (D.C. Cir. 2017); Petit v. U.S. Dep't of Educ., 675 F.3d 769, 779 (D.C. Cir. 2012). As to appellant's defamation claim against the remaining appellees, the district court correctly dismissed that claim based on the judicial-proceedings privilege. Appellant rightly does not contest that appellees made the challenged statements "in the course of" a judicial proceeding, given that the statements appeared in a memorandum of law in support of a motion for summary judgment and an opposition to a discovery motion, respectively. In re Spikes, 881 A.2d 1118, 1123 (D.C. 2005). Furthermore, these statements bore "some relation" to that underlying proceeding. Messina v. Krakower, 439 F.3d 755, 761 (D.C. Cir. 2006); Park v. Brahmbhatt, 234 A.3d 1212, 1220 (D.C. 2020). For one thing, both statements related to appellees' general theme that the court should put an end to the underlying litigation as a mere waste of resources. Moreover, the challenged statements also

**No. 22-7045**                                    **September Term, 2022**

pertained to the merits issue of whether appellant had suffered damages from the underlying alleged torts.

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**